UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Karl Alan White, Junior
    Petitioner,

v.

Warden D. Berkebile
    Respondent.

Case No. 7:11-cv-48-ART

Eastern District of Kentucky
**FILED**
APR 07 2011
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

    Comes Now, Petitioner Karl Alan White, Junior., acting in Propria Persona in this complaint and respectfully moves this court pursuant to the Fifth, Sixth, Eighth, and Thirteenth Amendments to the Constitution of the United States, for an order requiring the Warden at USP-Big Sandy to remove the petitioner to a lower security institution where the allege commercial crimes were committed.

### BACKGROUND

    On October 04, 2010, petitioner Mr. White filed a complaint informing the administration at USP-Big Sandy, that he was not an individual that should be housed in there institution,( see complaint, Attachment, 1 ). Followed by an administration,( BP-229(13)), filed to the warden office on October 07, 2010. The first appeal,( BP-230(13)), filed to the Mid-Atlantic region office on November 02, 2010. A second appeal, ( BP-230(13)), filed to the Mid- Atlantic region office on December 22, 2010. While having to resubmit the, ( BP-230(13)) appeals to the regional office on January 11, 2011, and January 14, 2011. The final appeal, ( BP- 231(13)), was filed with the central office on February 13, 2011, ( See Administration Packet, Attachment, 2 ). There was also a letter hand delivered about the petitioner circumstances to the Warden on October 30, 2010,( See Letter to Warden, Attachment, 3 ).

There has been no resolution in following the Federal Bureau Remedy Process.

## FEDERAL BUREAU OF PRISON PROGRAM STATEMENT

According to the ( B.O.P ) program statement,[ P5100.08 ], for an inmate to be placed in max custody the individual behavior has to be identified as assaultive, predacious, riotous, serious escape risk, or seriously disruptive to the orderly running of an institution. Also according to the policy statement an inmate who scores between 12-15 points, should be housed in a low security institution,Id.

## FACTS AND LAW

Congress only granted the Federal Bureau of Prisons the discretion to determine appropriate conditions under which a prisoner should serve his sentence, ( 18 U.S.C. 3621(b)). B.O.P., policy (P5100.08 ), the categorical approach used to classify an inmate is an unlawful discretionary policy because it was not supported by legislative history or enabling legislation,**Demis v. Sniezek**, 558 F.3d 508(6th.cir.2008). [ P5100.08 ], categorically remove it's ability to consider the explicit factors set forth by congress in 3621(b), for making placement and transfer determinations, **Woodall v. Fed. Bureau of Prisons, 432 F.3d 235(3rd Cir.2005), United States v. Muniz, 374 US 150, Cleavinger v. Saxner, 474 US 193** . The relevant parts of, [Article I ],to the Constitution prescribe in,( Section 1.)" All legislative powers herein shall be vested in a Congress of the United States". ( Section 8,clause 14 )," To make rules for the Government", and ( Clause 18 )," To make all laws which shall be necessary and proper for carrying into execution the foregoing powers,and all other powers vested by this Constitution in the Government of the United States, or any Department or Office thereof ". Due to the fact the Federal bureau of Prisons is not following the Law prescribe by congress is exactly why this policy is binding not interpretive and such a binding nature cannot render a rule legislative, or else every interpretative rule would become binding," meaning not Law", **Sandin v. Conner, 515 US 472,132 L.Ed. 2d 418 115 S.Ct. 2293(1995).** The commercial crimes the petitioner is serving a debt for were allegedly committed in Kalamazoo MI. The petitioner Mr.White must be housed within an institution in the State of Michigan. As the Constitution

-2-

A low security institution would be the appropriate placement for the petitioner.

The administration has abused there discretion and violated the petitioner Sixth Amendment right by placing these discretionary regulations on the case file to keep Mr.White in a harsh prison, without enplaning or documenting there reasons for the nature and cause for there actions. Placement in USP-Big Sandy constitutes an atypical and significant hardship for Mr.White, because he is being subjected to be apart of a gang structure, while having to endure a more violent atmosphere where he has already been the victim of gang violence at a previous USP,( see attachment,4).

## CONCLUSION

Therefore this Honorable Court must order for Mr.White to be removed from USP-Big Sandy to a lower security institution in the State where the commercial crimes were committed. This Court should also make Law that authorize for the Federal Bureau Of Prisons to follow the policy prescribe by congress, so inmates must be housed in the appropriate institutions for security purposes.

## DECLARATION

I, Karl Alan White, Junior do hereby declare under the penalties of perjury that the forgoing information is true and correct to the best of my personal knowledge and belief.

April 05, 2011

Respectfully Submitted,

Karl Alan White, Junior
13136-040
USP-Big Sandy
P.O. Box 2068
Inez, KY 41224

-4-